888 F.2d 1392
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Robert VANDERWIEL, Jr., Pamela Vanderwiel, Plaintiffs-Appellants,
v.
MINSTER MACHINE COMPANY, an Ohio corporation, Defendant-Appellee.
 No. 88-2254.
 United States Court of Appeals, Sixth Circuit.
 Oct. 30, 1989.
 
 Before BOGGS and ALAN E. NORRIS, Circuit Judges, and ENGEL,* Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Plaintiffs Robert Vanderwiel, Jr. and Pamela Vanderwiel appeal a denial of their motion for a new trial and final judgment of dismissal following an adverse jury verdict in the United States District Court for the Eastern District of Michigan in their negligence action against Minster Machine Company for injuries sustained by Mr. Vanderwiel from a mechanical power press manufactured and sold by Minster to his employer, General Motors' Fisher Body Division ("GM").
 
 
 2
 In 1956 Minster sold several power presses to GM. The presses, designed and manufactured in accordance with specifications supplied by GM, were equipped with a control panel containing two ground detector lights, labeled "Power On." If there were no grounds in the circuitry of the mechanism for activating the press, both lights would burn at half intensity. If there was a short, one light would become dim and the other would burn at full intensity. The press was activated by two palm buttons, both of which had to be depressed and remain depressed in order for the ram to complete a full stroke.
 
 
 3
 On July 22, 1982, while using one of the Minster presses at his job at the GM plant in Grand Blanc, Michigan, Vanderwiel initiated a stroke of the ram by depressing both palm buttons, but removed both hands from the buttons and stopped the ram in order to adjust the part he had put into the press. While his right hand was in the die area, he depressed the left palm button. The ram then resumed the stroke, crushing his right hand. An investigation after the accident revealed that due to improper maintenance and improper wiring practices, a wire inside the press had been pinched and its insulation worn off, causing the short that bypassed the right palm button. Since its purchase in 1956, the press had been serviced by GM alone, and never by Minster.
 
 
 4
 Vanderwiel and his wife Pamela filed this suit against Minster, alleging negligence in the labeling and location of the ground detector lights and failure to warn those using the press of this dangerous condition. Minster denied any negligence, and in the alternative asserted the affirmative defense that Vanderwiel's injury had been caused by GM's negligent maintenance. At the close of the plaintiffs' case, the Vanderwiels' counsel sought to introduce Exhibit 24, a 43-page document entitled "Power Press Safety" and published by Minster in 1970 for users of its power presses. A paragraph on page 42 of the document warned that electro-mechanical components of presses had a widely varying life span, and could fail at any moment due to wear or improper maintenance. The court refused to admit the document for lack of relevance. The jury, by special verdict, found that Minster had not been negligent, and a judgment dismissing the case was entered by the court on August 29, 1988.
 
 
 5
 In a motion for a new trial under Rule 59(a) of the Federal Rules of Civil Procedure, the Vanderwiels argued that the court erred in refusing to admit the 1970 Minster document, which they claimed could have effectively rebutted Minster's defense that the intervening negligence of GM was a proximate cause of the accident. On October 26, 1988, the court denied the motion in an opinion read from the bench, and an order effecting a final judgment of dismissal was entered on November 2, 1988. The Vanderwiels filed this appeal from the order on December 2, 1988.
 
 
 6
 As the sole error justifying a reversal, the Vanderwiels assign the court's refusal to admit in evidence Exhibit 24, the Minster document published some fourteen years after the press had been manufactured by Minster and sold to GM. No other error from the trial has been cited, and the Vanderwiels have not challenged the correctness of the jury instructions delivered by the trial judge. The Vanderwiels maintained on appeal that they sought to introduce the 1970 document to show that "a reasonable man knowing the situation existing when the act of the third person was done would not regard it as highly extraordinary that the third person had so acted." Restatement (Second) of Torts Sec. 447(b)(1965). The third person to whom plaintiffs referred would be the unknown GM maintenance personnel who sometime after the delivery of the press in 1956 and before Mr. Vanderwiel's accident in 1982 had improperly maintained the press and thus proximately caused the malfunction which injured Mr. Vanderwiel. The plaintiffs claim that because such improper maintenance could have been foreseen, it follows that under Restatement Sec. 447(b), claimed to be applicable Michigan law, such proof would rebut Minster's defense that improper GM maintenance was the superseding cause of the injury.
 
 
 7
 The document was published in 1970, long after the press was manufactured, and the passage in question and the safety studies which it purportedly reflects are quite vague. Furthermore, the introduction of the document at trial does not appear to have been supported by an adequate foundation save the manufacturer's admission of its authenticity. Accordingly, we do not believe that the trial judge abused his discretion in refusing introduction of the document in support of the proposition argued by the plaintiffs.
 
 
 8
 Even assuming any error or abuse of discretion in denying that offer of proof, we are satisfied that it is manifestly apparent that such error could not and would not have affected the verdict of the jury. In finding for the defendant, the jury specifically found that Minster was not negligent. Section 447(b) of the Restatement, if applicable at all in this case, presupposes an underlying negligence on the part of the manufacturer, and therefore describes only those conditions in which superseding actions of a third party may insulate the original negligent actor from liability. It is thus apparent that section 447(b) would not have come into the play under the circumstances here. Plaintiffs' reliance upon Comstock v. General Motors Corp., 358 Mich. 163, 99 N.W.2d 627 (1959), is misplaced. There, the manufactured product contained a latent defect which was clearly established as having arisen due to the negligence of the defendant manufacturer. 358 Mich. at 175-76, 99 N.W.2d at 633. To the contrary, the jury in this case, after hearing all the evidence which each party desired to submit on the underlying question of negligence of the manufacturer, concluded that Minster was not negligent in the particulars alleged by the plaintiffs. The plaintiffs did not object to the submission of that issue to the jury, or to the trial judge's instructions. The jury's finding of no negligence rendered essentially irrelevant an inquiry under Restatement Sec. 447(b). Therefore, even if another court, uncertain about the underlying question of negligence, might have concluded that the proffered exhibit was relevant and admissible, the failure to allow its admission here cannot be claimed to have affected any substantial right of the plaintiffs. Any such error would have been harmless under Rule 61 of the Federal Rules of Civil Procedure.
 
 
 9
 Accordingly, the judgment of the district court is AFFIRMED.
 
 
 
 *
 Judge Engel assumed senior status effective October 1, 1989